UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KOAMI RENEE KPOTUFE, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:10-cv-0539-RLY-MJD |
| ) | |
| J.B. HUNT TRANSPORT, INC., ) | |
|     Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Rene Koami Masko[1] ("Plaintiff"), of West African descent, alleges that defendant, J.B. Hunt Transport, Inc. ("JBH"), recruited him for a position as a truck driver and promised him a job as a local driver in Indianapolis. He alleges that, during an orientation in Louisville, Kentucky, JBH reneged on its promise, gave the local job to Robert Cowger ("Cowger"), a Caucasian American, and hired Plaintiff in an over-the-road truck driving position. His Complaint asserts claims for race and national origin discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and state law claims for breach of contract, promissory estoppel, negligent supervision, and respondeat superior liability. JBH now moves for summary judgment. For the reasons set forth below, the court **GRANTS** the motion.

---

[1] This case was filed by the plaintiff in the name of "Koami Renee Kpotufe." Kpotufe changed his name to "Rene Koami Masko."

1

**I.    Background**

JBH is a transport company, and employs approximately 15,000 employees nationwide. (Affidavit of Wesley Griffin ("Griffin Aff.") ¶ 5). Because the company experiences a continuous turnover among its drivers, JBH constantly seeks new drivers. (*Id.*). JBH's drivers are at-will employees that operate locally, regionally, and over-the-road[2] ("OTR"). (*Id.* ¶ 4; Defendant's Ex. L).

In February 2008, Plaintiff, a native of Togo, West Africa, was employed by a temporary employment agency, Adecco, and was assigned by Adecco to Roche Diagnostics ("Roche") as a Quality Control Agent and Machine Operator. (Deposition of Rene Koami Masko ("Plaintiff Dep.") at 32). During this time frame, Plaintiff contacted JBH for a possible position as a driver. (Griffin Aff. ¶ 6). On February 28, 2008, JBH scheduler, Johnny Sandoval ("Sandoval"), answered Plaintiff's message by sending him an email saying that "we have all the arrangements in place for your orientation next week." (Defendant's Ex. C; Plaintiff Dep. at 22). Plaintiff called back, and explained to Sandoval that he was a former nationwide truck driver, but that he needed to be home every day due to his wife's health condition. (Plaintiff Dep. at 18-19). Sandoval replied that a local position was available in the Indianapolis area. (*Id.* at 19-20). Plaintiff filled out the appropriate forms, and was scheduled for orientation in Louisville, Kentucky, beginning March 3, 2008. JBH hired Plaintiff the following day. (Defendant's Ex. D).

---

[2] Generally, "local" means intra-city, "regional" means inter-city, and "over-the-road" mean interstate. (Affidavit of Dennis Walser ("Walser Aff.") ¶ 14).

On March 5, 2008, the last day of orientation, Plaintiff signed a "Jurisdiction Statement" accepting a position with JBH as an "over-the-road" driver. (Defendant's Ex. E). Plaintiff called dispatcher, Steve Bell ("Bell"), after completing his orientation for his assignment. Bell told Plaintiff that the position as a local driver had been given to Cowger, a Caucasian applicant. (Plaintiff Dep. at 42, 45). Plaintiff explained that he was the only applicant for the local position, and that he was designated as a "local dedicated first seat" driver. (*Id*. at 42-43, 46; Affidavit of Rene Koami Masko ("Plaintiff Aff.") ¶ 7). Bell told Plaintiff that Cowger, who was in Plaintiff's orientation class, called first, and since that was the only local position available, Plaintiff would have to accept another position. (Plaintiff Dep. at 46). Plaintiff then called Sandoval, who informed Plaintiff that he did not "know what happened." (*Id*. at 47). Plaintiff terminated his employment on March 6, 2008, because he was dissatisfied with the hours. (Defendant's Ex. D; Plaintiff Dep. at 56).

At some point (the record is not clear), Plaintiff spoke to project manager, Dennis Walser ("Walser"), who encouraged Plaintiff to take a regional job out of Chicago because the route would take him through Indianapolis on a regular basis. (Walser Aff. ¶ 10). Walser informed Plaintiff that the regional position was temporary, and that a local position would be available in approximately two weeks. (Plaintiff Dep. at 49-50). On April 21, 2008, Plaintiff accepted the position as a regional driver out of Chicago. (Defendant's Ex. D; Plaintiff Dep. at 50-51).

On June 20, 2008, JBH approved a six-week leave for Plaintiff to visit his ailing

mother in Africa even though he was not eligible for leave under company policies. (Defendant's Ex. D; Plaintiff Dep. at 58-59). Plaintiff voluntarily did not return from that leave on July 17, 2008, although the company told him that it would leave the return date open for another two weeks until July 31, 2008. (Defendant's Ex. D; Defendant's Ex. G; Plaintiff Dep. at 60-61). Plaintiff declined that invitation because a local position was not available for him. (Plaintiff Dep. at 61).

## II. Summary Judgment Standard

Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of informing the court of the basis for its motion and demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). Once the movant has met that burden, the nonmoving party "must point to evidence in the record 'that would reasonably permit the finder of fact to find in h[is] favor on a material question.'" *Cliff v. Bd. of Sch. Comm'rs of City of Indianapolis*, 42 F.3d 403, 408 (7th Cir. 1994) (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)). If the non-moving party fails to make this showing, then the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323; *Cliff*, 42 F.3d at 409.

## III. Discussion

### A. Race and National Origin Discrimination

Plaintiff alleges that JBH impermissibly passed him over for the local driving position because of his race and national origin. Plaintiff presents no direct evidence of failure-to-hire discrimination; therefore, he proceeds under the indirect method of proof. A Title VII plaintiff may show that he is the victim of race and/or national origin by establishing a prima facie case of unlawful discrimination. This requires the plaintiff to show that: (1) he is a member of a protected class; (2) he applied for an available position; (3) he was qualified for the position for which he applied; and (4) another person, not in the protected class, was offered the position or the position remained open. *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1174 (7th Cir. 2002). Once a plaintiff establishes a prima facie case, an inference of discrimination arises. *Id*. The burden of production then shifts to the defendant-employer to produce a legitimate, nondiscriminatory reason for the adverse employment action. *Id*. If the defendant-employer carries this burden, the plaintiff must show "that the reason proffered by the employer was mere pretext, an explanation designed to obscure the unlawful discriminatory employment action." *Id*. (quoting *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 629 (7th Cir. 1996)).

JBH contends that Plaintiff cannot establish the second element of his prima facie case because, after Plaintiff completed orientation, the job he sought was not available. Plaintiff maintains that he was promised the local driver position, and that he was the only prospective driver at the orientation up for that position. Plaintiff's testimony undermines his argument:

Q: So you called Steve Bell?

> A: Uh-huh.
>
> Q: And he told you he had already given –
>
> * * *
>
> Q: – the local route to Robert Cowger?
>
> * * *
>
> A: Uh-huh. And I told him that no. I said, "No. I just finished the orientation too."
>
> * * *
>
> A: – we finished at the same time, but he ran first to the phone and called. I don't know what happened. We finish at the same time. So I told him, "So what else?" They said, "Well, they have other position available . . . ."

(Plaintiff Dep. at 45-46). This evidence leads to the reasonable inference that Plaintiff did not get the local driver position because Cowger called first. Accordingly, Plaintiff fails to establish the second element of his prima facie case because the job he sought was not available. Although the court's analysis could end at this point, the court will discuss the issue of pretext.

In a failure-to-hire case, a plaintiff is required to show that the employer's reason for choosing one candidate over the other is not true, but is, in essence, a cover for unlawful discrimination. *Jordan v. Summers*, 205 F.3d 337, 343 (7th Cir. 2000). The inquiry turns on whether the employer truly believed the reason advanced. *Id*. (affirming summary judgment on pretext because no "rational trier of fact could infer that [the employer's] proffered reason for failing to promote [plaintiff] was a lie or had no basis in

fact").

In support of his pretext argument, Plaintiff relies, in part, on the EEOC's Determination that there is "reasonable cause to believe that [JBH] violated Title VII . . . with regard to [Plaintiff's] national origin." A public record of this type may be admissible under the public records exception to the hearsay rule, which provides, in relevant part:

> Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness.

FED. R. EVID. 803(8).

The only source of information in support of the EEOC's Determination is the EEOC investigator's Memo which recounts an interview with Scott Stephenson ("Stephenson"), who attended the driver orientation in Louisville with Plaintiff. (*See* Defendant's Ex. M). Stephenson allegedly told the investigator that Plaintiff said he had been promised a local job, that a class roster identified Plaintiff with a local job, and that Plaintiff was the only person in the class who identified himself with a local job until the end of the orientation, when another individual was switched into the job, and Plaintiff was switched into the over-the-road job. (*Id*). Plaintiff seeks to have the Memo considered by this court (although it was designated by JBH) as evidence that corroborates the Plaintiff's side of the story; however, the Memo is not signed, and is not accompanied by the investigator's sworn affidavit. The investigator did not interview

7

Bell, Walser, or Cowger.

The court finds the EEOC's determination and the investigator's memo are not admissible. The EEOC's determination provides no reasoning for its finding of reasonable cause to believe that discrimination occurred, and the only source of information for the EEOC's determination – the EEOC investigator's Memo – is not authenticated, reflects an inadequate investigation, and lacks an indicia of trustworthiness. Indeed, the Memo provides only one individual's account of what he observed, and some of his observations are based on what he was told by Plaintiff. The EEOC's Determination, therefore, is one-sided, and fails to include any explanation by JBH for its alleged discriminatory decision.

Plaintiff's only other argument in support of pretext rests on the claim that JBH promised him a local position, and ultimately gave the position to Cowger. The only reasonable inference to be drawn from these facts is that JBH made a promise to Plaintiff and breached it. It is Plaintiff's burden on summary judgment to present evidence of JBH's intentional discrimination, not evidence of a breach of promise.

Moreover, JBH's actions are inconsistent with a finding of intentional race or national origin discrimination. First, Plaintiff acknowledges that other African American individuals at the orientation in Louisville were awarded the jobs that had been targeted for them after orientation – all except for him. (Plaintiff Dep. at 72-73). Second, there is no record evidence that Bell, who spoke to the applicants by telephone after the orientation ended, knew the race of either Plaintiff or Cowger at the time Cowger called.

Absent knowledge of Plaintiff's race or national origin, Bell could not have selected Cowger over Plaintiff on an unlawful basis. *See Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932-34 (7th Cir. 1995) (employer could not discriminate on basis of disability of which it was not aware); *Batteast Constr. Co. v. Henry Cnty. Bd. of Comm'rs*, 194 F.Supp.2d 828, 835 (S.D. Ind. 2002) (county could not discriminate on basis of race absent knowledge of contractor's race). Third, Walser, who knew Plaintiff was of African descent, offered him a regional job out of Chicago so that he could be home two or three days a week. In addition, Walser offered to try to find Plaintiff a local job in the interim. (*Id*. at 64-65). Lastly, JBH offered him a six-week leave of absence to visit his mother in Africa, even though he was not eligible for leave under the company policies. (Plaintiff Dep. at 58-59; Defendant's Ex. G).

For the reasons set forth above, the court finds that Plaintiff failed to establish that JBH's reasons for failing to award him the local driver position were a mere pretext for discrimination. JBH's motion for summary judgment on Plaintiff's race and national origin discrimination claims is therefore **GRANTED**.

### B. State Law Claims

The court exercises supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are based on the same general set of facts as Plaintiff's claims. The court begins its discussion with Plaintiff's breach of contract claim.

### 1. Breach of Contract

Plaintiff contends that JBH employees, including Sandoval and a man named Robert, promised him a job as a local driver, and breached the promise to him when it failed to offer him a local job. JBH drivers are at-will employees, meaning the relationship is terminable at the will of either party, with or without cause. *Orr v. Westminster*, 689 N.E.2d 712, 717 (Ind. 1997). The Indiana Supreme Court has identified three circumstances under which the presumption of at-will employment may be rebutted. First, if the employee gives adequate independent consideration for an employment contract for a definite term, the employer may terminate the employee for good cause. *Id*. at 718 (citing *Romack v. Pub. Serv. Co.*, 511 N.E.2d 1024, 1026 (Ind. 1987)). Second, if the public policy exception to the at-will doctrine applies. *Id*. Third, if the employee establishes the elements of a promissory estoppel claim, and the employee asserts the doctrine with particularity. *Id*.

Plaintiff contends that he gave adequate independent consideration to convert his at-will employment contract to one requiring good cause for discharge. Adequate independent consideration is established when, for example, "(1) the employer is aware that the employee had a former job with assured permanency . . . and (2) [the employee] was only accepting the new job upon receiving assurances the new employer could guarantee similar permanency." *Id*. at 175-76 (quoting *Wior v. Anchor Indus., Inc.*, 669 N.E.2d 172, 175-76 (Ind. 1996)).

Here, Plaintiff did not leave a position with assured permanency. Prior to taking

10

the job with JBH, Plaintiff worked for a temporary employment agency, Adecco, and was assigned to Roche. Plaintiff admitted that he was not a permanent employee of Roche and received no benefits from Roche. (Plaintiff Dep. at 32). Plaintiff, moreover, does not claim that JBH promised him permanent employment, thus inducing him to leave Adecco. To the contrary, he acknowledged that he knew what "at will" employment was and that JBH's offer of employment was at-will. (*Id*. at 27-29). The facts of record establish, at most, that Plaintiff left his position at Roche to accept another position at JBH. This, standing alone, does not establish adequate independent consideration sufficient to rebut Indiana's at-will doctrine. *Orr*, 689 N.E.2d at 718 ("Generally, simply surrendering another job or moving to another location to accept a new position which the employee sought, standing alone, does not constitute adequate independent consideration.") (citing *Wior*, 699 N.E.2d at 175-76 (Ind. 1996)).

Plaintiff also contends that the doctrine of promissory estoppel applies. The elements of the claim are: "(1) a promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise." *Hinkel v. Sataria Distrib. & Packaging, Inc.*, 920 N.E.2d 766, 771 (Ind. Ct. App. 2010) (citing *Brown v. Branch*, 758 N.E.2d 48, 52 (Ind. 2001)). As discussed previously, Plaintiff did not detrimentally rely on the promise of permanent employment. Rather, Plaintiff left his temporary position at Roche for the chance at a more lucrative position at JBH. Plaintiff fails to rebut the presumption of at-will

11

employment under the theory of promissory estoppel. Accordingly, Defendant's motion for summary judgment on Plaintiff's breach of contract claim is **GRANTED**.

### 2. Negligent Supervision and Respondeat Superior

A claim of negligent supervision accrues "when an employee 'steps beyond the recognized scope of his employment to commit a tortious injury upon a third party.'" *Bd. of Sch. Comm'rs v. Pettigrew*, 851 N.E.2d 326, 332 (Ind. Ct. App. 2006) (quoting *Tindall v. Enderle*, 320 N.E.2d 764, 768 (Ind. Ct. App. 1974)). Plaintiff alleges, and JBH concedes, that its employees were acting within the course and scope of their employment at all relevant times. Thus, Plaintiff cannot establish an essential element of the claim. Moreover, the claim is duplicative of Plaintiff's claim for respondeat superior liability. *Id*.

The doctrine of respondeat superior is a theory for placing liability on an employer for the wrongful acts of its employees committed in the course and scope of their employment. *Warner Trucking, Inc. v. Carolina Cas. Ins. Co.*, 686 N.E.2d 102, 105 (Ind. 1997). As noted by Plaintiff, this claim is dependent on the viability of Plaintiff's breach of contract claim. Because that claim is dismissed, so too must this claim be dismissed. Defendant's motion for summary judgment on Plaintiff's claims for negligent supervision and respondeat superior liability is therefore **GRANTED**.

### IV. Conclusion

For the reasons stated above, the court **GRANTS** Defendant's motion for summary judgment (Docket # 27).

**SO ORDERED** this 6th day of December 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Lester H. Cohen
DEFUR VORAN LLP
lhcohen@charter.net

Swaray Edward Conteh
contehlaw@att.net

Shawn A. Neal
DE FUR, VORAN, HANLEY, RADCLIFF & REED, LLP
sneal@defur.com

Scott E. Shockley
DEFUR VORAN LLP
sshockley@defur.com